UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 19-41609-mlo

**Christian Gregory Sartor,**                       Chapter 7
**Stacy Marie Sartor**
                                                    Hon. Maria L. Oxholm
    Debtors.
_____/

# MOTION TO DISMISS CASE UNDER 11 U.S.C. § 707 (b)(3)

Daniel M. McDermott, United States Trustee, states as follows:

1. The Court has jurisdiction over this matter based on 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). This Motion is filed under 11 U.S.C. § 707(b)(3). A proposed Order is attached.

2. The Debtors filed this Chapter 7 case on February 5, 2019.

3. The Debtors' obligations are primarily consumer debts.

4. The Debtors scheduled nonpriority unsecured debt of $34,579.

5. The Debtors' Schedule I lists net monthly income of $6,368.71.

6. The Debtors' Schedule J lists monthly expenses of $6,788.00.

7. The Debtors' Schedule B lists a 2014 Ford Pickup. According to Schedule J, the payment of this vehicle is $788 – nearly $300 above the national standard.

8. The Debtors' intent to reaffirm the loan for the Ford Pickup is an unreasonable expense and inconsistent with the relief sought under chapter 7.

9. In addition, the Debtors' Schedule B lists a 2014 Keystone Avalanche 5th Wheel – a recreational camper. According to Schedule J, the payment for this camper is $560.

10. The Debtors' intent to reaffirm the loan for the camper is an unreasonable expense and inconsistent with the relief sought under chapter 7.

11. The Debtors' Schedule J also lists other expenses that are unreasonable or unnecessary, including $800 for transportation and $400 for vehicle insurance. In total, the Debtors spend $2,388 on their cars alone.

12. The totality of the circumstances of this case warrant dismissal under §707(b)(3). Even considering only the camper payment of $560, the Debtors' could nearly pay their unsecured debts in full, using these funds over a period of 60 months.

**WHEREFORE**, the United States Trustee respectfully requests the entry of an order dismissing this Chapter 7 case.

                                      Respectfully submitted,

                                      **DANIEL M. McDERMOTT**
                                      **UNITED STATES TRUSTEE**
                                      Region 9

                       By:   /s/ Jill M. Gies
                              Trial Attorney
                              Office of the U.S. Trustee
                              211 West Fort St - Suite 700
                              Detroit, Michigan 48226
                              (313) 226-7913
                              Jill.Gies@usdoj.gov
                              [P56345]

Dated: March 11, 2019

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 19-41609-mlo

**Christian Gregory Sartor,** Chapter 7
**Stacy Marie Sartor**

        Debtors. Hon. Maria L. Oxholm

_____/

# ORDER DISMISSING CHAPTER 7 CASE

This case is before the Court on the Motion of the United States Trustee for an order dismissing the above-captioned case under § 707 (b)(3) of the Bankruptcy Code.

No timely response or objection to the Motion has been filed. The Court, has considered the pleadings, and finds good cause to enter this Order.

**IT IS ORDERED** that the Motion is granted, and this case is **DISMISSED.**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                            Case No. 19-41609-mlo

**Christian Gregory Sartor,**                     Chapter 7
**Stacy Marie Sartor**
                                                  Hon. Maria L. Oxholm

    Debtors.
_____/

**NOTICE OF MOTION TO DISMISS CHAPTER 7 CASE**

    The United States Trustee has filed papers with the court to dismiss the above case.

    **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.).

    If you do not want the court to dismiss the case, or if you want the court to consider your views on the motion, **within 14 days**, you or your attorney must:

    1.    File with the court a written response or an answer, explaining your position at:[1]

        U.S. Bankruptcy Court
        211 West Fort Street,
        Detroit, MI 48226

    If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

    You must also mail a copy to:    Jill M. Gies
                                        Office of the United States Trustee
                                        211 West Fort Street, Suite 700
                                        Detroit, MI 48226

    2.    If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

    If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

                                                          **DANIEL M. McDERMOTT**
                                                          **UNITED STATES TRUSTEE**
                                                          Region 9

                                          By        <u>/s/ Jill M. Gies</u>
                                                             Trial Attorney
                                                             Office of the U.S. Trustee
                                                             211 West Fort St - Suite 700
                                                             Detroit, Michigan 48226
                                                             (313) 226-7913
                                                             Jill.Gies@usdoj.gov
                                                             [P56345]

Dated: March 11, 2019

_____

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e)

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 19-41609-mlo

**Christian Gregory Sartor,**
**Stacy Marie Sartor**

Chapter 7

Hon. Maria L. Oxholm

Debtors.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF
THE UNITED STATES TRUSTEE'S MOTION TO
DISMISS CASE UNDER 11 U.S.C. § 707(B)(3)**

**Dismissal under 11 U.S.C. § 707(b)(3)**

If the presumption of abuse does not arise or is rebutted, this Court may nevertheless dismiss Debtor's case if the totality of the circumstances of Debtor's financial situation demonstrates abuse.

> Section 707(b)(3) provides:
>
> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider -
>
>> (B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

*Ability to Pay*

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 replaces dismissal based upon "substantial abuse" under pre-BAPCPA § 707(b) with a mere "abuse" standard. Under pre-BAPCPA law, substantial abuse could be found where a debtor had sufficient income to repay his or her debts. See, e.g., *In re*

*Krohn*, 886 F.2d 123, 126 (6th Cir. 1989), (indicated that courts should examine, under the totality of the circumstances, both the integrity and honesty of a debtor's dealings with his creditors, as well as whether the debtor is "needy"). The Court, however, stated that:

> Among the factors to be considered in deciding whether a debtor is needy is his ability to repay his debts out of future earnings. That factor alone may be sufficient to warrant dismissal. For example, a court would not be justified in concluding that a debtor is needy and worthy of discharge, where his disposable income permits liquidation of his consumer debts with relative ease.

*Id.* at 126 (citations omitted)(emphasis added). Ability to repay debts therefore continues to be grounds for dismissal under the amended § 707(b)(3).

Another factor courts consider in deciding whether a case is abusive under the totality of the debtor's circumstances is a debtor's ability to reduce expenses through belt tightening. *In re Gourley, 549 B.R. 210*, (Bankr. ND Iowa, 2016). Since the Debtors are able to tighten their budget, reducing their expenses without depriving themselves or their dependents of reasonable necessities, there is disposable income to pay creditors. See *In re Floyd, 534 B.R. 729*, (Bankr. ND Ohio, 2015).

For the reasons stated above, the Court should dismiss this case as an abuse of Chapter 7.

Respectfully submitted,

**DANIEL M. McDERMOTT
UNITED STATES TRUSTEE**
Region 9

By: /s/ Jill M. Gies
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
(313) 226-7913
Jill.Gies@usdoj.gov
[P56345]

Dated: March 11, 2019

| | |
|---|---|
| In re: | Case No. 19-41609-mlo |
| **Christian Gregory Sartor,** <br> **Stacy Marie Sartor** | Chapter 7 |
| | Hon. Maria L. Oxholm |
| Debtors. _____/ | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2019, I served copies as follows:

1. Documents Served: *Motion to Dismiss, Notice of Motion, Memorandum* and *Certificate of Service.*

2. Served Upon: Christian Sartor
   Stacy Sartor
   15545 Horger Ave.
   Allen Park, MI 48101

3. Method of Service: First Class Mail

                                               **DANIEL M. McDERMOTT**
                                               **UNITED STATES TRUSTEE**
                                               Region 9

By: /s/ Jill M. Gies
      Trial Attorney
      Office of the U.S. Trustee
      211 West Fort St - Suite 700
      Detroit, Michigan 48226
      (313) 226-7913
      Jill.Gies@usdoj.gov
      [P56345]

Dated: March 11, 2019